UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LEE EVANS DUNIGAN,<br><br>Plaintiff,<br><br>v.<br><br>THERESA L. SPRINGMANN,<br><br>Defendant. | NO. 2:20 CV 477 |

### OPINION and ORDER

Lee Evans Dunigan, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (DE # 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. In doing so, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Dunigan alleges that U.S. District Judge Theresa L. Springmann committed "perjury" when she dismissed his complaint in *Dunigan v. Tippecanoe County Sheriff's Office*, No. 4:20-cv-32-TLS-JPK (N.D. Ind. closed July 16, 2020.) Specifically, he believes she misconstrued the allegations in his complaint. This is his second time asserting such a claim. A little over a month ago, he filed suit against Judge Springmann based on the same allegations; the case was dismissed pursuant to 28 U.S.C. § 1915A.[1] *See Dunigan v. Springmann*, 2:20-cv-410-PPS-JPK (N.D. Ind. closed Nov. 19, 2020).

---

[1] This week, he filed a new lawsuit against U.S. District Judge Philip P. Simon, who presided over *Dunigan v. Springmann*, 2:20-cv-410-PPS-JEM. *See Dunigan v. Simon*, 3:21-cv-0003-DRL-MGG (N.D. Ind. filed Jan. 4, 2021).

As Dunigan was previously told, he cannot initiate federal criminal charges against Judge Springmann. *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General." (citation and internal quotation marks omitted)). Likewise, she has absolute immunity from civil suit based on her rulings in the prior case. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). If Judge Springmann committed errors, Dunigan's remedy is through an appeal, not a lawsuit against her. *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005).

Additionally, his complaint is barred by *res judicata*, as he previously raised these same allegations against Judge Springmann in an earlier lawsuit and final judgment was entered on the merits. *See Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). It is also malicious for him to use the in forma pauperis statute to bring multiple suits against the same defendant for purposes of harassment. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Therefore, the complaint is subject to dismissal.

Ordinarily, the court should afford a *pro se* litigant an opportunity to replead before dismissing the case with prejudice. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). The court finds no basis to conclude that, if given another opportunity, Dunigan could state a viable

federal claim against Judge Springmann, consistent with the allegations he has already made.

As a final matter, Dunigan is cautioned against reasserting these or similarly frivolous allegations against Judge Springmann in another lawsuit. He has already been told that he cannot pursue federal criminal charges or assert a civil claim against Judge Springmann based on her rulings. If he persists in this course of conduct, he risks the imposition of monetary sanctions, filing restrictions, and other penalties.

For these reasons, the court:

(1) **DISMISSES** this case pursuant to 28 U.S.C. § 1915A; and

(2) **DIRECTS** the Clerk to close this case.

**SO ORDERED.**

Date: January 6, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT